VEITCH, Respondent, vs. SCHLEPP and wife, Appellants.

*November 6—December 2, 1952.*

*Lyman K. Arnold* of Elkhorn, for the appellants.

For the respondent there was a brief by *Morrissy, Morrissy & Zastrow* of Elkhorn, and oral argument by *Erwin C. Zastrow.*

BROWN, J.  In this action the plaintiff is the owner of a farm and the defendants are the occupants.  The pleadings show that the latter believed themselves to be tenants on shares under a lease for years given by plaintiff's predecessor in title to a former tenant, to whose interest defendants succeeded.  The complaint demanded judgment declaring that the lease is void and that the defendants are tenants from month to month, with second and third alternative causes of action for other relief.  There was an answer amounting to

a general denial and a counterclaim which is not presently material.

While the action was pending the plaintiff procured an order from the trial court which (1) directed the defendants to permit the entry of plaintiff upon the premises for various husbandry purposes, (2) commanded defendants to render an account to plaintiff, and (3) declared that the defendants are tenants at will, subject to eviction under sec. 234.03, Stats., and that plaintiff is entitled to possession of the farm. The order was dated October 24, 1951. Apparently defendants failed to comply with the order, for on January 7, 1952, the court adjudged them in contempt for noncompliance but ordered that if they rendered an account and removed from the premises before March 1, 1952, they would be purged of the contempt. On April 22, 1952, the court entered a new order reciting compliance with the one of January 7th and declaring that the defendants were purged of contempt. This order also recited:

"It is further ordered that for the period subsequent to November 24, 1951, and up to March 1, 1952, the defendants are liable to the plaintiff for double the rental value of the farm for said period, the amount of such rental value to be determined by the court in due course."

On April 23, 1952, defendants appealed from the quoted portion of the last order, and appealed also from that portion of the order of October 24, 1951, which had directed them to permit the plaintiff to enter on the farm for specified purposes and to furnish plaintiff an account.

The respondent submits that the defendants' appeal taken April 23, 1952, from the October 24, 1951, order of the county court was not taken within the ninety days specified by sec. 274.04, Stats., and, anyway, it is not an appealable order. Respondent participated in the proceedings in the appellate court without first moving to dismiss the ap-

peal and it may be that she has waived objections to the regularity of the appeal and of our jurisdiction over it. (Sec. 269.51 (1).) We do not consider it necessary to examine any of these questions because the defendants complied with the part of the order which their appeal questions. They have rendered the account, permitted the plaintiff to come upon the farm, and have vacated it themselves. The record shows that they are no longer in contempt in respect to the order. This part of the controversy has become moot and we will not concern ourselves with it.

The second part of the appeal is from the above-quoted portion of the order of April 22, 1952. We think it clear that this is not an appealable order as defined by sec. 274.33, Stats. If, as and when the learned trial court enters a judgment against defendants for rent by which they consider themselves enough aggrieved to take an appeal a problem may be presented for our consideration. At present we have only the expression of an intention which the trial court may never implement. There is nothing for this court to deal with now.

*By the Court.*—Appeal dismissed.